# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MICHIGAN
### EASTERN DIVISION

S. Baxter Jones,

            Plaintiff,

v.

City of Detroit, a municipal corporation,
Sergeant Reuben Fluker, Officer Robin
Cleaver, Sergeant Edward Hudson,
Commander Elvin Barren, Officer
Gregory Robson, Captain Kyra Hope,
and John Doe, in their individual
capacities, and all jointly and severally,

            Defendants.

Case No. 2:17-cv-11744
Honorable Avern Cohn
Magistrate Judge Elizabeth Stafford

**FIRST AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

_____/

GOODMAN HURWITZ & JAMES
By:    William H. Goodman (P14173)
          Julie H. Hurwitz (P34720)
          Kathryn Bruner James (P71374)
          Huwaida Arraf (NY Bar #470220)
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
mail@goodmanhurwitz.com
Attorneys for Plaintiff

CITY OF DETROIT LAW DEPT.
By:    Jacob M. Satin (P80149)
         Hyun (Grant) J. Ha (P53405)
2 Woodward Avenue, Ste. 500
Detroit, MI 48226
 (313) 237-0563/Fax (313) 237-0555
SatinJ@detroitmi.gov
Attorneys for City of Detroit, Sergeant
Reuben Fluker, Officer Robin Cleaver,
Sergeant Edward Hudson, Commander
Elvin Barren, Officer Gregory Robson and
Captain Kyra Hope

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff S. BAXTER JONES, by and through his attorneys, Goodman Hurwitz & James, P.C., and for his First Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff S. Baxter Jones seeks declaratory, injunctive and monetary relief for his injuries stemming from Defendants' violations of the rights guaranteed to him by the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, the Fourth Amendment of United States Constitution, as enforced by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Michigan Persons With Disabilities Civil Rights Act, M.C.L. § 37.1302, *et seq*.

2.      On July 18, 2014, Plaintiff, who has severe disabilities and is wheelchair-bound, was part of a peaceful group of activists protesting residential water shutoffs throughout the City of Detroit by standing outside a Homrich Incorporated (a company contracted by the City of Detroit to shut off water services) facility on East Grand Boulevard in Detroit.

2

3.      Members of the Detroit Police Department, including Defendants herein, arrested Plaintiff and eight other protestors who have come to be known collectively as "The Homrich 9."

4.      In effectuating Plaintiff's arrest, Defendants used excessive force and wedged Plaintiff into a non-ADA compliant cargo van (or "paddy wagon"), where his wheelchair was left unsecured and his neck was forced into a painful position during his transportation to the Detroit Detention Center on Mound Road. These actions resulted in significant physical and emotional injury to Plaintiff.

5.      Defendant City of Detroit did not have wheelchair accessible vehicles readily available to transport arrestees nor were Detroit police adequately trained on transporting wheelchair-bound arrestees at the time of Plaintiff's arrest.

6.      Moreover, Plaintiff was arrested during the time in which Kevyn Orr was the Governor-appointed Emergency Manager of the City of Detroit, throughout which time Defendant City was consistently out of compliance with the Americans with Disabilities Act ("ADA").

7.      After his arrest, Plaintiff submitted a complaint Defendant City of Detroit's Human Rights Department, in an attempt to reach the ADA Coordinator. However, no action was taken on Plaintiff's complaint because the City failed to have an ADA-mandated complaint procedure in place.

8.     Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, an award of attorneys' fees and costs, and any such additional relief as the Court and jury deem just and proper.

## JURISDICTION AND VENUE

9.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

10.     Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

11.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

12.     Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that events giving rise to Plaintiff's claim occurred in this judicial district, in the City of Detroit.

## JURY DEMAND

13.     Pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on each and every claim of law asserted in this Complaint.

4

## PARTIES

14.     Plaintiff S. Baxter Jones is a citizen of the United States and, at all times relevant herein, was a resident of the City of Detroit, County of Wayne, State of Michigan.

15.     Defendant City of Detroit is a municipal corporation, authorized under and created by the laws of the State of Michigan. It is authorized by law to maintain and operate the Detroit Police Department.

16.     Defendant Sergeant Reuben Fluker, at all times relevant herein, was a police supervisor employed by Defendant City of Detroit, acting under color of state law and within the scope of his employment and authority as a law enforcement officer.

17.     Defendant Officer Robin Cleaver, at all times relevant herein, was a police officer employed by Defendant City of Detroit, acting under color of state law and within the scope of his employment and authority as a law enforcement officer.

18.     Defendant Sergeant Edward Hudson, at all times relevant herein, was a police supervisor employed by Defendant City of Detroit, acting under color of state law and within the scope of his employment and authority as a law enforcement officer.

19.     Defendant Commander Elvin Barren, at all times relevant herein, was a police supervisor employed by Defendant City of Detroit, acting under color of

5

state law and within the scope of his employment and authority as a law enforcement officer.

20.     Defendant Officer Gregory Robson, at all times relevant herein, was a police officer employed by Defendant City of Detroit, acting under color of state law and within the scope of his employment and authority as a law enforcement officer.

21.     Defendant Captain Kyra Hope, at all times relevant herein, was a police supervisor employed by Defendant City of Detroit, acting under color of state law and within the scope of her employment and authority as a law enforcement officer.

22.     Defendant John Doe, at all times relevant herein, was a police officer employed by Defendant City of Detroit, acting under color of state law and within the scope of his employment and authority as a law enforcement officer.

## STATEMENT OF FACTS

23.     Plaintiff has severe physical disabilities and is wheelchair-bound.

24.     On July 18, 2014, Plaintiff was part of a peaceful group of activists who were protesting residential water shutoffs throughout the City of Detroit by standing outside a Homrich Incorporated (a company contracted by the City of Detroit to shut off water services) facility on East Grand Boulevard in Detroit.

25.     Detroit police, including Defendants, arrested Plaintiff and eight other protestors (who have come to be known collectively as "The Homrich 9") for alleged disorderly conduct.

26.     Disorderly conduct is a misdemeanor for which on-site arrest and detention is discretionary.

27.     Defendant Hudson made arrangements for transporting the arrestees to jail.

28.     Defendants Captain Hope and/or Commander Barren ordered that a Detroit Police Department bus come to the scene to transport the arrestees.

29.     None of the vehicles provided by Defendants were wheelchair accessible or otherwise compliant with the Americans with Disabilities Act.

30.     Defendants Commander Barren and Sergeant Fluker initially wheeled Plaintiff to the side of the bus before confirming that Plaintiff could not be transported in that vehicle due to his disability.

31.     Plaintiff was then wheeled to the rear of a cargo van where Defendants, Sergeant Fluker, Sergeant Hudson, Commander Barren, and Officer Doe all lifted his wheelchair, as Defendant Officer Cleaver pulled the wheelchair from inside the back of the cargo van.

32.     As the aforementioned Defendants lifted and pulled Plaintiff and his wheelchair into the rear of the van, Plaintiff's head hit the ceiling at the doorframe because the cargo area of the van was too low to accommodate him.

33.     As Plaintiff's head was hitting against the ceiling of the doorframe, Defendant Fluker reached his hand between Plaintiff's head and the van ceiling, deliberately pushing Plaintiff's head down lower in order to force him into the van.

34.     Despite knowing the fact that Plaintiff did not fit properly into the van, Defendants Sergeant Fluker, Sergeant Hudson, Commander Barren, Officer Doe, and Officer Cleaver continued to force his wheelchair all the way into the back of the van.

35.     The above actions caused Plaintiff significant pain, due to the angle at which his neck was turned both in getting him into the van, and during the entire time in which he was forced to sit in the van without sufficient head room.

36.     An unidentified female officer conveyed Plaintiff to the Detroit Detention Center, where Defendant, Sergeant Robson booked him.

37.     During the trip from the Homrich facility to the Detroit Detention Center, Plaintiff did not have a seatbelt or any other safety device to secure him and his wheelchair was also left unsecured.

38.     The only measure that was taken to anchor or secure Plaintiff's wheelchair was that a plainclothes intern sat in the back of the van and placed a foot against a wheel of Plaintiff's chair. Plaintiff himself had to hold tightly to his chair in an attempt to avoid both falling from his chair and having the chair itself roll around the van.

39.     Throughout the entire time that the van was in motion, on its way to the police detention center, the chair itself was never stable or properly secured, and was rocking, bumping, jostling, and moving around, causing physical injury, pain, and anxiety to Plaintiff.

40.     As a proximate result of Plaintiff's wheelchair not being properly secured during the ride, Plaintiff suffered significant physical injury to his neck and his hand/fingers due to the painful angle his neck was forced into, as well as his attempts to brace himself during the ride to the detention center.

41.     After his release from custody, unlike the eight other arrestees, Plaintiff was never charged or prosecuted for disorderly conduct, or any other crime.

42.     On or about October 16, 2014, Plaintiff submitted a written complaint to Defendant City of Detroit's Human Rights Department, alleging that Defendant City's Police Department violated his ADA rights by transporting him in a non-accessible vehicle.

43.     Defendant City took no further action on Plaintiff's written complaint, to wit:

a. The complaint was not forwarded to the ADA Coordinator for the Human Rights Department;

b. The complaint was not forwarded to the ADA Coordinator for the Police Department;

9

c.  There was no investigation of the complaint by any department within Defendant City; and

d.  There was no conclusion, disposition, or resolution that resulted from the complaint.

44.    As a direct and proximate result of Defendants' unlawful and objectively unreasonable actions, Plaintiff has suffered damages, including but not limited to:

a.  Physical injury;

b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

c.  Psychological and emotional injury, past, present, and future;

d.  Medical expenses; and

e.  Other economic damages.

## CLAIMS

### COUNT I
### Americans with Disabilities Act ["ADA"]
### [42 U.S.C. § 12132, *et seq.*]
### (Against Defendant City of Detroit)

45.    Plaintiff incorporates paragraphs 1 – 44 by reference as though fully set forth herein.

46.     Plaintiff, who has severe physical disabilities and is wheelchair-bound, is a qualified individual with a disability under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131(2).

47.     By reason of his disability, Plaintiff was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity, specifically by Defendant City of Detroit's Police Department through its employees and officers Defendants Fluker, Cleaver, Hudson, Barren, Robson, Hope, and Doe (hereinafter, collectively "Defendant Officers"), for whom Defendant City is vicariously liable.

48.     Defendant City denied Plaintiff reasonable accommodation by failing to ensure that an ADA-compliant vehicle was made available to transport Plaintiff Baxter Jones after he was arrested, especially when the nature of the crime for which he was arrested – a minor misdemeanor – did not require him to be taken into custody at all.

49.     Nonetheless, Defendant Officers forced Plaintiff into the back of a non-ADA compliant cargo van (or "paddy wagon"), and transported him in that van with insufficient head room and without appropriately securing him or his wheelchair, causing Plaintiff to suffer considerable injury.

11

50.     As a direct and proximate result of Defendant City's unlawful actions, through its own policies and the actions of its employees and agents, Plaintiff has suffered damages, including but not limited to:

    a.  Physical injury;

    b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

    c.  Psychological and emotional injury, past, present, and future;

    d.  Medical expenses; and

    e.  Other economic damages.

**COUNT II**
**Americans with Disabilities Act Enforced Via Civil Rights Act**
**[42 U.S.C. § 12132, *et seq.* & 42 U.S.C. § 1983]**
**(Against Defendants Fluker, Cleaver, Hudson,**
**Barren, Robson, Hope, and Doe)**

51.     Plaintiff incorporates paragraphs 1 - 44 by reference as though fully set forth herein.

52.     By reason of his disability, Plaintiff was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity, specifically by Defendants Fluker, Cleaver, Hudson, Barren, Robson, Hope, and Doe as employees and officers of the Detroit Police Department, including denying Plaintiff a reasonable accommodation by forcing him into the back of a non-ADA compliant cargo van and transporting him in that van with insufficient head room

12

and without appropriately securing his wheelchair, causing Plaintiff to suffer considerable injury.

53.     In violating Plaintiff's rights under the ADA, Defendant Officers subjected Plaintiff to the deprivation of his rights secured by federal law for which he is entitled to relief pursuant to 42 U.S.C. §1983.

54.     As a direct and proximate result of Defendant Officers' unlawful actions, Plaintiff has suffered damages, including but not limited to:

a.  Physical injury;

b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

c.  Psychological and emotional injury, past, present, and future;

d.  Medical expenses; and

e.  Other economic damages.

**COUNT III**
**Section 504 of the Rehabilitation Act of 1973**
**[29 U.S.C. § 794]**
**(Against Defendant City of Detroit)**

55.     Plaintiff incorporates paragraphs 1 - 44 by reference as though fully set forth herein.

56.     Plaintiff is a qualified individual with a disability under § 504 of the Rehabilitation Act, 29 U.S.C. §794(a) and 29 U.S.C. §705(20).

13

57.     On information and belief, Defendant City of Detroit has received and continues to receive federal financial assistance which is used for, among other things, programs and activities of the Detroit Police Department.

58.     Plaintiff, because of his disability, was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity receiving federal financial assistance, specifically by Defendant City's Police Department through its employees and officers Defendant Officers for whom Defendant City is vicariously liable.

59.     Defendant Officers denied Plaintiff reasonable accommodation by failing to ensure that an ADA-compliant vehicle was made available to transport him after he was arrested, especially when the nature of the crime for which he was arrested – a minor misdemeanor – did not require him to be taken into custody at all.

60.     Nonetheless, Defendant Officers forced Plaintiff into the back of a non-ADA compliant cargo van (or "paddy wagon"), and transported him in that van without appropriately securing him or his wheelchair, causing Plaintiff to suffer considerable injury.

61.     As a direct and proximate result of Defendant City's unlawful actions, Plaintiff has suffered damages, including but not limited to:

    a.  Physical injury;

b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

c.  Psychological and emotional injury, past, present, and future;

d.  Medical expenses; and

e.  Other economic damages.

## COUNT IV

### Rehabilitation Act Enforced Via Civil Rights Act
### [29 U.S.C. § 794 & 42 U.S.C. § 1983]
### (Against Defendants Fluker, Cleaver, Hudson, Barren, Robson, Hope, and Doe)

62.    Plaintiff incorporates paragraphs 1 – 44 by reference as though fully set forth herein.

63.    By reason of his disability, Plaintiff was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity receiving federal financial assistance, specifically by Defendant Officers as employees of the Detroit Police Department, including denying Plaintiff a reasonable accommodation by forcing him into the back of a non-ADA complaint cargo van and transporting him in that van without appropriately securing his wheelchair, causing Plaintiff to suffer considerable injury.

64.    In violating Plaintiff's rights under the Rehabilitation Act, Defendant Officers subjected Plaintiff to the deprivation of his rights secured by federal law for which he is entitled to relief pursuant to 42 U.S.C. §1983.

65.    As a direct and proximate result of Defendant Officers' unlawful actions, Plaintiff has suffered damages, including but not limited to:

  a.  Physical injury;

  b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

  c.  Psychological and emotional injury, past, present, and future;

  d.  Medical expenses; and

  e.  Other economic damages.

**COUNT V**
**Fourth Amendment – Excessive Force**
**[42 U.S.C. § 1983]**
**(Against Defendants Fluker, Cleaver, Hudson, Barren, and Doe)**

66.    Plaintiff incorporates paragraphs 1 – 44 by reference as though fully set forth herein.

67.    Defendants Fluker, Cleaver, Hudson, Barren, and Doe violated Plaintiff's right to be free from unreasonable, abusive and excessive physical force imposed under color of law, a right secured by the Fourth Amendment to the United States Constitution, by physically and unreasonably forcing him into the back of a

vehicle when it was obvious that Plaintiff and his wheelchair did not fit safely and securely.

68.     As a direct and proximate result of the unlawful and objectively unreasonable actions of Defendants Fluker, Cleaver, Hudson, Barren, and Doe, Plaintiff has suffered damages, including but not limited to:

  a.  Physical injury;

  b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

  c.  Psychological and emotional injury, past, present, and future;

  d.  Medical expenses; and

  e.  Other economic damages.

## COUNT VI
## State Law - Persons with Disabilities Civil Rights Act
## [MCL 37.1101, *et seq.*]
## (Against Defendant City of Detroit)

69.     Plaintiff incorporates paragraphs 1 – 44 by reference as though fully set forth herein.

70.     Plaintiff Jones is a qualified individual with a disability under the meaning of the Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq*.

71.     By reason of his disability, Plaintiff was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity,

specifically by Defendant City of Detroit's Police Department, including denying Plaintiff reasonable accommodation by forcing him into the back of a vehicle that was not wheelchair accessible and transporting him in that vehicle that did not provide adequate head room and without appropriately securing him or his wheelchair.

72.     Plaintiff notified Defendant City of the need for accommodation within 182 days of his injury, pursuant to section 210(18) of the Act by, among other things, filing a Human Rights Council Complaint with the City of Detroit Human Rights Council on or about October 16, 2014, from which no action was taken by Defendant City.

73.     As a direct and proximate result of Defendant City's unlawful and objectively unreasonable actions, Plaintiff has suffered damages, including but not limited to:

      a.  Physical injury;

      b.  Significant pain and suffering due to the aforementioned physical injury, past, present, and future;

      c.  Psychological and emotional injury, past, present, and future;

      d.  Medical expenses; and

      e.  Other economic damages.

## COUNT VII
## Americans with Disabilities Act ["ADA"]
## [42 U.S.C. § 12132, *et seq.* & 28 C.F.R. 35.107(b) – Complaint procedure]
## (Against Defendant City of Detroit)

74.     Plaintiff incorporates paragraphs 1 – 44 by reference as though fully set forth herein.

75.     Plaintiff, who has severe physical disabilities and is wheelchair-bound, is a qualified individual with a disability under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131(2).

76.     Defendant City is a public entity that employs more than 50 persons and, therefore, must have grievance procedures in place providing for prompt and equitable resolution of complaints alleging ADA violations.

77.     Defendant City failed to have such a procedure in place during the relevant time period herein, at least from July 18, 2014 through October 16, 2014.

78.     As a direct and proximate result of Defendant City's unlawful actions, through its own policies and the actions of its employees and agents, Plaintiff has suffered damages, including but not limited to:

     a. Additional psychological and emotional injury, past, present, and future;

     b. Additional medical expenses; and

     c. Other economic damages.

## REQUESTED RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

A. A declaration that Defendants violated Plaintiff's constitutional and statutory rights;

B. Injunctive relief, including but not limited to:

  a. Ordering Defendant City of Detroit to obtain and utilize wheelchair accessible vehicles and to train all officers how to properly use said vehicles and to make such vehicles available for all wheelchair-bound arrestees; and

  b. Ordering Defendant City of Detroit to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging ADA violations, and ordering a mechanism to ensure that such procedures are followed;

C. Compensatory damages for physical, emotional, psychological, and economic injuries suffered by Plaintiff by reason of Defendants' unlawful and unjustified conduct, in an amount that is fair, just, reasonable, and in conformity with the evidence presented at trial;

D. Punitive and exemplary damages against the individual Defendants to the extent allowable by law;

20

E.      Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

F.      The costs and disbursements of this action pursuant to 42 U.S.C.
        § 1920; and

G.      Such other and further relief as this Honorable Court and the jury deems
        just and proper.

Respectfully submitted,

**GOODMAN HURWITZ & JAMES, P.C.**

*s/ Kathryn Bruner James*
Kathryn Bruner James (P71374)
1394 E. Jefferson Avenue
Detroit, MI 48207
(313) 567-6170/Fax: (313) 567-4827
kjames@goodmanhurwitz.com
*Attorneys for Plaintiffs*

Dated: August 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2019, I caused to be electronically filed the foregoing **First Amended Complaint and Demand for Jury Trial** with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record in the above case.

/s/ Kathryn Bruner James