UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAXTER JONES,
    Plaintiff,                                      Case No. 17-11744

v.

CITY OF DETROIT, REUBEN FLUKER,
ROBIN CLEAVER, EDWARD HUDSON,
ELVIN BARREN,                                  HON. AVERN COHN
    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 57)**

### I. INTRODUCTION

This case involves the Americans with Disabilities Act (ADA),[1] the Rehabilitation Act,[2] and 42 U.S.C. § 1983. Plaintiff, Baxter Jones ("Jones"), is a wheelchair-bound individual qualified for protections provided by the ADA and the Rehabilitation Act. Jones is suing the City of Detroit ("the City") and certain police officers[3] for disability discrimination and for the use of excessive force during his arrest. Jones says that his rights were violated while being transported to a detention center in an ill-equipped police van following a lawful arrest. Jones also says that the City is non-complaint with the ADA because it lacks adequate procedures related to ADA grievances.

On June 4, 2019, the Court issued an order granting in part, and denying in part, Defendants' motion for summary judgment. (Doc. 55). The Court denied, without prejudice, summary judgment on Jones' excessive force claims. In doing so, the Court

---

[1] 42 U.S.C. § 12132, *et seq.*
[2] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*
[3] Sergeant Reuben Fluker, Officer Robin Cleaver, Sergeant Edward Hudson, Commander Elvin Barren.

stated that the facts and issues relating to Jones' excessive force claims had not been sufficiently discussed in the parties' briefs, nor was it the focus of oral argument (held on May 6, 2019). Nevertheless, the Court discussed relevant case law to assist the parties in focusing their arguments and narrowing the issue.

In response, Jones filed a motion for reconsideration (Doc. 57). Jones takes issue with the Court's legal discussion regarding his excessive force claims. Jones says that the Court's discussion of law contains "palpable defect," and correcting the defect would result in denying summary judgment on his excessive force claims "with prejudice." (Doc. 57).

However, Defendants' motion for summary judgment was denied because the parties (and the Court) focused on Jones' ADA claims. The summary judgment denial was procedural in nature, and not based on an application of the law. Even if there was a palpable defect contained within the Court's previous legal discussion, such a defect would not undermine the Court's reasons for denying summary judgment without prejudice. Accordingly, Plaintiff's motion for reconsideration (Doc. 57) is DENIED.

SO ORDERED.

        s/Avern Cohn
         AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: 6/27/2019
Detroit, Michigan