UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S. BAXTER JONES

       Plaintiff,

v.                                                                      HON. AVERN COHN
                                                                        Case No. 17-11744

CITY OF DETROIT,
REUBEN FLUKER,
ROBIN CLEAVER,
EDWARD HUDSON,
ELVIN BARREN,

       Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (ECF No. 58)

### I.    INTRODUCTION

This case involves the Americans with Disabilities Act (ADA),[1] the Rehabilitation

Act,[2] and 42 U.S.C. § 1983.  Plaintiff, Baxter Jones, is a wheelchair-bound individual

qualified for protections provided by the ADA and the Rehabilitation Act.  Jones is suing

the City of Detroit and certain police officers for disability discrimination and for the use

of excessive force during his arrest.  Jones says that his rights were violated while being

transported to a detention center in an ill-equipped police van following a lawful arrest.

The Court granted summary judgment for Defendants on most of the counts of

Plaintiff's complaint (ECF No. 55). It allowed the parties to file additional briefing on

---

[1] 42 U.S.C. § 12132, *et seq.*
[2] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*

Count 5, Fourth Amendment excessive force claim against individual officers (ECF No. 55). The individual officers that remain named are Reuben Fluker, Robin Cleaver, Edward Hudson, and Elvin Barren. Defendant filed a renewed motion for summary judgment on Count 5 (ECF No. 58), and Plaintiff filed a response (ECF No. 62). Defendants' motion is now before the Court.

## II.    FACTUAL BACKGROUND

Plaintiff, who was protesting water shutoffs in the City of Detroit, was lawfully arrested along with eight other individuals for disorderly conduct (ECF Nos. 40, 48). The eight individuals who were arrested were transported to a detention center on a bus. However, Plaintiff could not be transported on the bus due to his wheelchair (ECF Nos. 34, 40).  The police officers decided to transport Plaintiff in a van (ECF Nos. 40, 48).  The officers asked Plaintiff if they could lift him up in his wheelchair, at the directive of Barren, and he shook his head yes (Ex. 5, video). Hudson, Fluker, and Cleaver then lifted Plaintiff into the back of the van. Id.

As the officers lifted Plaintiff into the back of the van and his head was nearing the top of the doorframe, several voices yelled, "watch his head!" Fluker then reached his hand between Plaintiff's head and the doorframe, pushing Plaintiff's head lower in order to fit him into the van. Id.

During the trip to the detention center, Plaintiff did not have a seatbelt and his wheelchair was not strapped down. A DPD intern, sitting in the back of the van, placed a foot against a wheel of Plaintiff's chair (ECF No. 62-2, PageID.1438).

Plaintiff says he suffered injuries to his neck, hands, arms, and shoulders as a result of the officer pushing Plaintiff's head down to fit him into the back of the van and

forcing him to ride in the van with his head bumping into the ceiling, as well as from

gripping his hands tightly to his wheelchair to keep steady.

### III.    LEGAL STANDARD

Summary judgment will be granted when the moving party demonstrates that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law. FED. R. CIV. P. 56(c).  There is no genuine issue of

material fact when the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986). The Court must view the evidence in the light most favorable to

the non-moving party. Employers Ins. of Wausau v. Petroleum Specialities, Inc., 69 F.3d

98 101 (6th Cir. 1995).

### IV.    DISCUSSION

A claim of "excessive force in the course of making an arrest ... [is] properly

analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham

v. Connor, 490 U.S. 386, 388 (1989).  In "determining the reasonableness of the

manner in which a seizure is effected, the court must balance the nature and quality of

the intrusion on the individual's Fourth Amendment interests against the importance of

the governmental interests alleged to justify the intrusion." Scott v. United States, 436

U.S. 128, 137–139 (1978). The "proper application [of the Fourth Amendment's

objective reasonableness test] requires careful attention to the facts and circumstances

of each particular case, including the severity of the crime at issue, whether the suspect

poses an immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at

396. If, and only if, the force used was objectively unreasonable should the Court

consider qualified immunity and address the second question: whether the right violated

was clearly established. Marvin v. City of Taylor, 509 F.3d 234, 244–45 (6th Cir. 2007).

## V.   ANALYSIS

Plaintiff did not pose a threat to the safety of the officers, was not resisting arrest,

and was not arrested for a violent crime or a crime that might otherwise prompt the

need for an urgent arrest. See Graham, 490 U.S. at 396.  While the officers had a right

to arrest Plaintiff and transport him to a detention center, that right must be balanced

with the degree of force used.

There are facts in the record that present an ambiguity around whether the

officers' use of force was reasonable.  The four Defendant officers were on the scene.

Barren was in charge. A trier of fact might find that Barren's directive to load Plaintiff into

the back of a van not equipped for a wheelchair, and Fluker, Cleaver, and Hudson lifting

Plaintiff thereafter, was not reasonable. Here, there was no need for an urgent arrest,

and the officers could have waited for a wheelchair equipped EMS.  Further, a trier of

fact may find that Fluker did not act reasonably by pushing Plaintiff's head down to fit

into the back of the van, or that Cleaver did not act reasonably when, seeing that

Plaintiff was not able to sit upright, he pulled Plaintiff further into the back of the van and

left him unsecured.

Next, a trier of fact could infer, based on Plaintiff's injuries, that the officers used

excessive force.  Plaintiff sought medical attention for injuries incurred because of the

arrest, had to attend physical therapy, and wore a neck brace (ECF No. 62-2,

PageID.1464). Plaintiff has also provided a medical record that says his post-arrest

spinal exam shows evidence of a change in his vertebrae (ECF No. 40-18). Defendants

do not contest that Plaintiff suffered some degree of injury. A plaintiff's injuries may be considered in the determination of the use of force. See Landis v. Baker, 297 F. App'x 453, 462 (6th Cir. 2008).

Viewing the facts in the light most favorable to Plaintiff, a reasonable jury might conclude that the officers used excessive force and the force used caused injury to Plaintiff.

### VI. CONCLUSION

For the reasons stated above, Defendant's Renewed Motion for Summary Judgment is DENIED. The case manager shall set a status conference to chart the future course of the case.


SO ORDERED.

s/Avern Cohn
_____

AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: 10/17/2019
Detroit, MI