UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S. BAXTER JONES

    Plaintiff,

v.

CITY OF DETROIT,
REUBEN FLUKER,
ROBIN CLEAVER,
EDWARD HUDSON,
ELVIN BARREN,

    Defendants.

HON. AVERN COHN
Case No. 17-11744

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR RELIEF FROM JUDGMENT (ECF No. 60)

### I. INTRODUCTION

This case involves the Americans with Disabilities Act (ADA),[1] the Rehabilitation Act,[2] and 42 U.S.C. § 1983. Plaintiff, Baxter Jones, is a wheelchair-bound individual qualified for protections provided by the ADA and the Rehabilitation Act. Jones is suing the City of Detroit and certain police officers for disability discrimination and for the use of excessive force during his arrest. Jones says that his rights were violated while being transported to a detention center in an ill-equipped police van following a lawful arrest.

Plaintiff's amended complaint contains the following counts (ECF No. 32):

  Count 1: ADA claims against the City based on the actions of its officers;
  Count 2: ADA claims against individual police officers;

---

[1] 42 U.S.C. § 12132, *et seq.*
[2] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*

Count 3: Rehabilitation Act claims against the City;
Count 4: Rehabilitation Act claims against individual officers;
Count 5: Fourth Amendment Excessive Force claims against individual officers;
Count 6: Michigan's Persons with Disabilities Civil Rights Act claims against the City;
Count 7: ADA claims against the City based on its ADA procedures.

The Court dismissed Counts 1 and 3, finding that Title II of the ADA does not permit suit against a municipality based on *respondeat superior* liability. (ECF No. 55).[3] Plaintiff filed a motion asking the Court to (1) alter or amend, or grant relief from, summary judgment and/or (2) grant leave to amend Plaintiff's complaint, which is now before the Court. (ECF No. 60).

## II.   ANALYSIS

Plaintiff's motion is a motion for reconsideration. Absent a significant error that changes the outcome of a ruling on a motion, a district court will not provide a party with an opportunity to relitigate issues already decided through granting a motion for reconsideration. Maiberger v. City of Livonia, 724 F. Supp. 2d 759 (E.D. Mich. 2010).

Plaintiff argues that the Court's finding was a clear error of law. (ECF No. 60). The issue of *respondeat superior* liability under the ADA has not been conclusively ruled on by the Sixth Circuit and there exists conflicting authority amongst other circuits. Accordingly, the Court did not make a clear error of law. See United States v. Williams, 53 F.3d 769, 772 (6th Cir.1995) ("a circuit split precludes a finding of

---

[3] The Court also dismissed Counts 2 and 4, finding the individual officers were entitled to qualified immunity under the ADA and Rehabilitation Act. Id. The Court declined to exercise supplemental jurisdiction over Count 6. In previous proceedings, the Court bifurcated Plaintiff's claims for injunctive relief from his claims for damages because the parties say that the claims for injunctive relief under Count 7 are in the process of being resolved. (ECF Nos. 51 and 53). The only claim left is Count V.

plain error"); Puckett v. United States, 556 U.S. 129, 135 (2009). A lack of binding case law that answers the question presented will also preclude a finding of plain error. United States v. Woodruff, 735 F.3d 445, 450 (6th Cir.2013).

The Court is still persuaded that the Supreme Court's decision to prohibit *respondeat superior* liability under Title IX extends to Title VI, which in turn extends to the Rehabilitation Act and the ADA because those statutes incorporate the remedies of Title VI by reference. Accordingly, a claim brought under Title II of the ADA for *respondeat superior* liability must fail for the same reasons it must fail under Title IX.

In sum, Plaintiff's motion amounts to a disagreement with the Court and does not satisfy the standard on a motion for reconsideration. See Burt v. Zych, 2009 WL 799033, at *2 (E.D. Mich. Mar. 23, 2009).

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to alter or amend judgment is DENIED. In light of this determination, Plaintiff's request for leave to amend is MOOT.

SO ORDERED.

                                                      s/AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

Dated: 12/2/2019
Detroit, MI