UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| S. BAXTER JONES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, *et al*.,<br><br>Defendants. | Case No. 17-11744<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING MOTION TO DISMISS
(ECF NO. 112)**

Plaintiff S. Baxter Jones, who is wheelchair-bound, sued under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., after Detroit police officers transported him in a noncompliant cargo van. ECF No. 32. After decisions dismissing other counts, what remains of Jones's amended complaint is his allegation that the city of Detroit violated 42 U.S.C. § 12132, *et seq*. and 28 C.F.R. § 35.107(b) by failing to "have grievance procedures in place providing for prompt and equitable resolution of complaints alleging ADA violations." *Id*., PageID.457.[1]

---

[1] The parties consented to this Court exercising jurisdiction over all proceedings under 28 U.S.C. § 636(c). ECF No. 105.

Under § 12132, "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The attorney general had the duty to promulgate regulations to implement the part of the ADA that includes § 12132. 42 U.S.C. § 12134. The regulation Jones relies on, § 35.107(b), requires a "public entity that employs 50 or more persons" to "adopt and publish grievance procedures providing for prompt and equitable resolution of [ADA] complaints." The city moves for dismissal, arguing that § 35.107(b) creates no private right of action. ECF No. 112. The Court agrees.

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001). Thus, "a private plaintiff cannot enforce a regulation through a private cause of action generally available under the controlling statute if the regulation imposes an obligation or prohibition that is not imposed generally by the controlling statute." *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 906 (6th Cir. 2004). A private cause of action may derive from a regulation that "simply effectuates the express mandates of the controlling statute." *Id*. But regulations that impose obligations outside of statutory

mandate create no private right of action. *Id*. For example, regulations adopted to enforce a statutory prohibition against intentional discrimination may be enforced in a "private cause of action *only to the extent* that they, too, prohibit intentional discrimination." *Id*. (emphasis added).

In *Ability Ctr*., the court considered the private enforceability of two ADA regulations. It first discussed 28 C.F.R. § 35.151, which required alterations to facilities, including streets, walkways, and curbs. Because § 12132 required public entities to "take affirmative actions to provide qualified disabled individuals with access to public services," § 35.151 "impose[d] requirements specifically envisioned by the statute." *Ability Ctr*., 385 F.3d at 910. The Sixth Circuit thus found that § 35.151 is enforceable in a private cause of action. *Id*. at 913.

But *Ability Ctr*. found that 28 C.F.R. § 35.150(d), which required public entities to develop a transition plan for making the required alterations to facilities, provided no private cause of action. *Id*. at 913-914.

> While failing to provide curb cuts and other accommodations in the course of altering city streets and sidewalks in violation of § 35.151 denies the disabled meaningful access to public services by perpetuating architectural barriers that impede such access, failing to develop a transition plan in violation of § 35.150(d) does not in and of itself similarly hinder the disabled.

*Id*. The Court also reasoned that the ADA included no "explicit indication"

3

showing either (1) "that Congress viewed the creation of transition plans as integral to the achievement of the statute's aims" or (2) "that Congress considered a public entity's failure to adopt such a plan as a form of discrimination against disabled individuals or as a failure to provide them with meaningful access to public services." *Id*. at 914.

Section 35.107(b) is not enforceable in a private cause of action because failing to provide an ADA grievance procedure does not itself deny the disabled meaningful access to public services.  "A public entity may be fully compliant with Title II without having drafted a grievance policy, let alone a grievance policy that mandates specific deadlines for reaching a resolution on all complaints." *Kirola v. City & Cnty. of San Francisco*, 74 F. Supp. 3d 1187, 1259 (N.D. Cal. 2014), *rev'd in part on other grounds*, 860 F.3d 1164 (9th Cir. 2017).  So circuit and district courts have "uniformly concluded that no private right of action exists to enforce 35 C.F.R. § 35.107(b)." *Id*. at 1260; *see also Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 555–56 (D. Md. 2019) (describing an "emerging consensus" that § 35.107 and other ADA regulations provide no private cause of action).

Jones argues that "it is <u>not</u> conceivable that a public entity could fully satisfy its obligations to accommodate people with disabilities while at the

4

same time fail to put forth a suitable grievance procedure." ECF No. 114, PageID.1846 (emphasis in original). But he points to no explicit language in the statute showing that Congress either viewed a grievance procedure as integral to the ADA's aims or considered the failure to implement a grievance procedure a form of discrimination. See *Ability Ctr.*, 385 F.3d at 914. Jones also claims that Congress intended for all ADA regulations promulgated by the attorney general to be enforceable in a private right of action. ECF No. 114, PageID.1848. This argument is untenable given the holding of *Sandoval* that "private rights of action to enforce federal law must be created by Congress." *Sandoval*, 532 U.S. at 287.

Congress created no right to an ADA grievance procedure, so the Court **GRANTS** the city's motion to dismiss, ECF No. 112.

Dated: February 8, 2023

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager